## MICHAEL EAGAN *vs.* FITCHBURG RAILROAD COMPANY.

In a city where an ordinance provided that any person, having any cart or team of burden under his care, should, when travelling in a street, " hold the reins of his horse or horses in his hand, or be in such a position or so near the team he is driving as to be able at all times to guide, restrain and govern the same," a person, standing in a cart and driving the horse which drew it, and at the same time leading by a strap in his hand another horse drawing another cart, attempted (after taking precautions by looking and listening to ascertain if a train was approaching) to pass over the track of a railroad at a place where it crossed at grade the street on which he was travelling, when the rear horse, be-coming restive, rushed forward, so that both of the horses and carts were on the track, and in this position they were struck and injured by a train. In an action against the rail-road corporation for the injury, *Held*, that the question whether the traveller was in the exercise of due care at the time of the collision was for the jury.

TORT for the injury of the plaintiff's two horses and carts by the defendants' locomotive engine. At the trial in the superior court, before *Lord*, J., there was evidence that the plaintiff's ser-vant, standing in the forward cart, " was driving a horse and cart of the plaintiff, and was leading another horse and cart of the plaintiff by a strap held in his hand," on Concord Avenue, a street in Cambridge, which was crossed at grade by the de-fendants' railroad ; that as he approached the crossing he

stopped, and then, observing, as he thought, a signal displayed on the station-house for the next train to stop for a passenger, and hearing no whistle or bell, and seeing no train approaching, although he looked in both directions from which one might have approached, (but his view was intercepted to some extent by a row of willow trees near the track,) he attempted to pass over the crossing with the horses and carts, and in doing so they were struck and injured by the engine of an approaching passenger train ; and there was testimony in behalf of the defendants to the effect that, as the train drew near, the horse in the rear cart became restive and rushed forward, and that both of the horses and carts were on the track when the collision occurred. An ordinance of the city of Cambridge, in force at the time of this accident, was introduced in evidence, which provided that " any person, having any truck or cart, wagon or other team of burden under his care, shall, when driving or passing in or upon any street, lane, alley or bridge in the city, hold the reins of his horse or horses in his hand, or be in such position, or so near the team he is driving, as to be able at all times to guide, restrain and govern the same."

At the conclusion of the testimony, the defendants asked the judge to rule that the plaintiff was not in the exercise of due care at the time of the collision. But the judge submitted the whole issue, of the plaintiff's care and the defendants' negligence, to the jury, and, after a verdict for the plaintiff, reported the case for the revision of this court; the judgment to be affirmed if it was proper to submit the question of the plaintiff's care to the jury on the foregoing evidence; otherwise judgment to be entered for the defendants.

*H. C. Hutchins,* for the defendants, cited *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 187 ; *Todd* v. *Old Colony & Fall River Railroad Co.* 3 Allen, 18; *S. C.* 7 Allen, 207 ; *Denny* v. *Williams,* 5 Allen, 1 ; *Lucas* v. *New Bedford & Taunton Railroad Co.* 6 Gray, 64; *Gilman* v. *Deerfield,* 15 Gray, 577 ; *Gavett* v. *Manchester & Lawrence Railroad Co.* 16 Gray, 501 ; *Herring* r *New York & Erie Railroad Co.* 13 Barb. 9.

*S. J. Thomas,* for the plaintiff, was not called upon.

CHAPMAN, C. J.    The only question presented by this case is, whether there was any evidence upon which it was competent for the jury to find that the plaintiff used reasonable care.    If there was not, the case should not have been submitted to the jury.    This is always a question of law, which it is the duty of the court to decide.    The cases cited, which have been taken from the jury, have been decided on this ground.

It is contended that the plaintiff was not in the exercise of due care, because he was violating an ordinance of the city of Cambridge by driving one horse and leading the other, each being harnessed in a cart.    But it does not appear that he was violating the ordinance referred to.    It requires a driver to "hold the reins of his horse or horses in his hand, or be in such position or so near to the team he is driving, as to be able at all times to guide, restrain and govern the same."    This does not forbid him to drive more than one team, or require him absolutely to hold the reins of his team.    Whether he was violating each of the alternative provisions of the ordinance, or whether he was using due care, must depend partly upon the character and training of his horses, and upon a variety of circumstances, and inferences of fact to be drawn from circumstances; and, upon the case as stated, the court are of opinion that there was evidence which it was proper to submit to the jury.    Whether it ought to have been satisfactory to them is not a question before us.                    *Judgment on the verdict.*